UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTHONY OLIVER, TERRY GAYLE QUINTON, SHAWN O'KEEFE, ANDREW AMEND, SUSAN BURDETTE, GIANNA VALDES, DAVID MOSKOWITZ, ZACHARY DRAPER, NATE THAYER, MICHAEL THOMAS REID, ALLIE STEWART, ANGELA CLARK, JOSEPH REALDINE, RICKY AMARO, ABIGAIL BAKER, JAMES ROBBINS IV, EMILY COUNTS, DEBBIE TINGLE, NANCI-TAYLOR MADDUX, SHERIE MCCAFFREY, MARILYN BAKER, WYATT COOPER, ELLEN MAHER, SARAH GRANT and GARY ACCORD on behalf of themselves and all others similarly situated,

      Plaintiffs,

 -against-

AMERICAN EXPRESS COMPANY and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,

      Defendants.

**MEMORANDUM & ORDER**
**19-CV-566 (NGG) (SJB)**

NICHOLAS G. GARAUFIS, United States District Judge.

 Before the court are Plaintiffs' request to amend the Class Certification Order and Amex's opposition to amendment. (Letter to Amend Class Cert. (Dkt. 221); Amex Amend Response (Dkt. 222).) For the reasons discussed below, the court GRANTS Plaintiffs' request to certify non-rewards credit card classes for D.C., Kansas, and Illinois, and DENIES Plaintiffs' request to certify a non-rewards credit card for North Carolina.

 Rule 23 provides district courts with class action management tools, and it is under the flexibility established by these tools that the court modifies the Class Certification Order. (Class

1

Cert. M&O (Dkt. 220)); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 37 (2d Cir. 2009) (citing Fed. R. Civ. P. 23(c)(1)(C), 23(c)(5)); *Haley v. Tchrs. Ins. & Annuity Ass'n*, 344 F.R.D. 284, 294 (S.D.N.Y. 2023) ("[T]his case could be ripe for class treatment using tools permitting courts to identify sub-classes of more homogenous groups defined by common legal or factual questions."). In the Class Certification Order, the court granted class certification for the proposed debit card class and denied it for the proposed credit card class. (Class Cert. M&O at 58-59.) The credit card class failed because Plaintiffs failed to establish that common issues predominated. (*Id.* at 39, 53-56.) Plaintiffs' expert's model of harm did not show, through common evidence, that class members' annual fees net of rewards would stay the same or decrease in the but-for world. (*Id.* at 53-54.) Because not all credit card class members have rewards credit cards that charge annual fees, Plaintiffs' expert's failure to provide common evidence about annual fees net of rewards would not affect non-rewards credit card class members' ability to satisfy the Rule 23(b)(3) predominance requirement. (*Id.* at 55-56.) The court declined to certify non-rewards subclasses because Plaintiffs had not shown that the proposed class representatives were part of the non-rewards subclass, and therefore the court could not establish that the class representatives would adequately represent the class as required by Rule 23(a)(4). (*Id.*) For three statewide classes, they now do so. (*See* Letter to Amend Class Cert., Exs. 1-11 (Dkts. 221-2 to 221-12) (providing evidence that the credit cards used by proposed class representatives Ricky Amaro, Andrew Amend, and Sarah Grant did not offer rewards or charge an annual fee).)

The court therefore amends the Class Certification Order to include class certification for non-rewards credit card classes for Illinois, Kansas, and D.C. The court modifies the proposed credit card class as follows:

> All card account holders, who are natural persons, and whose account billing address was in [State] during the applicable Class Period, and whose Visa, Mastercard, or Discover General Purpose Credit or Charge Card account *does not offer credit card rewards or charge an annual fee* and was used by an account holder or an authorized user for a purchase of a good or service from a Qualifying Merchant during the Class Period that occurred in [same State].

The court does not find, however, that amendment is proper for the North Carolina non-rewards card subclass because Plaintiffs fail to satisfy the adequacy requirement under Rule 23(a). The proposed class representative, Shawn O'Keefe, had a credit card that charged an annual fee so the representative is not a part of the class. (*See* Letter to Amend Class Cert., Ex. 18 (Dkt. 221-19).)

Amex raises multiple objections. First, Amex faults Plaintiffs for not formally moving to amend the Class Certification Order under Rule 23(c)(1)(C). (*See* Amex Amend Response at 1.) But at the January 16, 2024 hearing, counsel for Plaintiffs moved in court to supplement the record to make the sufficient factual showing to establish Rule 23(a) adequacy. (*See* Tr. for Jan. 16, 2024 Hearing at 41-42.) *See also Laurent v. PricewaterhouseCoopers LLP*, 565 F. Supp. 3d 543, 548 (S.D.N.Y. 2021) ("Once a class is certified, Rule 23 provides district courts with broad authority at various stages in the litigation to revisit class certification determinations and to redefine or decertify classes as appropriate.") Amex also contends that the non-rewards credit card class does not satisfy the predominance requirement. (*See* Amex Amend Response at 1.) But for the reasons described in the Class Certification Order and outlined above, a subclass of non-rewards credit cardholders that have no annual fee satisfy the predominance requirement. (*See* Class Cert. M&O at 53-56.) Amex's objections are therefore unavailing.

3

The court considers whether amendment would prejudice the defendants. *See In re Harcourt Brace Jovanovich, Inc. Sec. Litig.*, 838 F. Supp. 109, 115 (S.D.N.Y. 1993). The court finds that it would not. The reasoning of the Class Certification Order is unchanged; the only change is a showing that class members are part of a subclass created in the Class Certification Order. Plaintiffs submitted evidence that proposed class representatives were part of the subclass within seven days of the Class Certification Order. (*See* Letter to Amend Class Cert. at 1-2.) The methodology to calculate damages for the non-rewards credit card subclass is likely to be substantially the same as the credit card class because Plaintiffs' expert calculated damages assuming no increase in annual fees net of rewards. (*See* Lamb Report (Dkt. 138-4) ¶ 272.) Damages calculations need not be exact at the class certification stage of litigation. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013). Plaintiffs' damages calculation, which does not account for offsets from annual fees net of rewards, is consistent with the theory of liability for the non-rewards credit card subclass. For these reasons, Amex is not be prejudiced by this amendment of the Class Certification Order.

In sum, the court GRANTS Plaintiffs' request to certify non-rewards credit card classes for D.C., Kansas, and Illinois, and DENIES Plaintiffs' request to certify a non-rewards credit card for North Carolina.

SO ORDERED.

Dated:   Brooklyn, New York
         January 19, 2024

                                                  s/Nicholas G. Garaufis

                                                  NICHOLAS G. GARAUFIS
                                                  United States District Judge