

August 4, 2025

**VIA ECF**

Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Moskowitz et al. v. American Express Company et al.*, Case No. 1:19-cv-00566 (NGG) (JRC)

Dear Judge Garaufis:

Pursuant to the Court's minute entry order dated August 1, 2025, Plaintiffs write to provide the Court with the requested information concerning the Class Representatives' expected testimony at trial. Specifically, as to each Class Representative, this letter identifies whether, when, and how each Class Representative plans to testify at trial.

Plaintiffs intend to call one class representative per state class in their case-in-chief. As a result, three class representatives will not be called by plaintiffs: (i) Debbie Tingle (Mississippi); (ii) Emily Counts (Mississippi); and (iii) either Allie Stewart (Alabama) or Angela Clark (Alabama). Tingle, Counts, and Clark were each designated on Plaintiffs' "may call" witness list and have each been deposed by Defendants, often over several hours—as were each of the class representatives.

Plaintiffs do not plan to call more than one class representative per class, as Plaintiffs believe that such testimony would be duplicative and waste time. *See, generally,* FED. R. EVID. 403 (even relevant evidence and testimony can be excluded when its presentation results in "undue delay, wasting time, or needlessly presenting cumulative evidence"); FED. R. EVID. 611(a)(2) (the mode and order of examining witnesses should "avoid wasting time").

Indeed, there is "no requirement that all class representatives testify at a trial—particularly in [an antitrust] case like this one, in which the conduct of the defendant, rather than what happened to the plaintiffs, is the crux of the matter." *In re Namenda Direct Purchaser Antitrust Litig.*, 2019 U.S. Dist. LEXIS 204827, at *8 (S.D.N.Y. Aug. 2, 2019). "Such a requirement, if it existed, would often lead to the introduction of cumulative testimony." *Id.*; *see also Velez v. Novartis Pharms. Corp.*, 2010 U.S. Dist. LEXIS 95010, at *10 (S.D.N.Y. Feb. 25, 2010) (declining to impose a "missing witness" charge against absent class representatives, noting "a desire to avoid cumulative testimony," and defendants' ability to enter previous deposition testimony). Consequently, if Ms. Stewart (Alabama) is not available, Ms. Clark will testify in person at trial for Alabama. And presuming Mr. Robbins (Mississippi) is available, Mrs. Tingle and Mrs. Counts would not testify.

To the extent that Defendants wish to rely upon or introduce testimony from these additional, alternative class representative witnesses, their avenue to do so is pursuant to Federal Rule of Civil Procedure 32. FED. R. CIV. P. 32(a)(1); FED. R. CIV. P. 32(a)(4)(B); FED. R. CIV. P. 32(a)(4)(D). Under that rule, Defendants may introduce any non-objectionable portions of the deposition testimony of these witnesses in their case. *See*, *e.g.*, *Novartis*, 2010 U.S. Dist. LEXIS 95010, at *10 (defendant remained free to call absent class representatives *via* deposition). However, Defendants may not compel live trial testimony from witnesses, as they are all well beyond the Court's subpoena power under Rule 45(c). This limitation has been long established, must have surely been known to American Express, and is indeed likely why they deposed the class representatives so extensively often using close to the entire seven hours provided for under the Federal Rules of Civil Procedure. *Ornrat Keawsri v. Ramen-Ya Inc.*, 2022 U.S. Dist. LEXIS 81993, at *5-6 (S.D.N.Y. May 5, 2022) ("…Defendants are not entitled to command the attendance at trial of any plaintiff who does not either reside, work, or regularly transact business within 100 miles of the courthouse or within New York State."); *see also id.* at *7 (noting any subpoena which "require[d] the attendance of any plaintiff who resides outside the territorial power of the Court to compel attendance by subpoena under Rule 45(c)(1)" was "quashed for that reason alone."); *Great Lakes Reinsurance (UK) SE v. Herzig*, 2023 U.S. Dist. LEXIS 116721, at *6-7 (S.D.N.Y. July 7, 2023) (quashing subpoenas which otherwise would have compelled the attendance of residents of the United Kingdom as "outside the territorial power of this Court to compel attendance at trial."); *A.I.A. Holdings, S.A. v. Lehman Bros.*, 2002 U.S. Dist. LEXIS 19680, at *4 (S.D.N.Y. Oct. 16, 2002) (holding in part that plaintiffs cannot be compelled to attend trial where outside the 100 mile limit).

With respect to current availability, the following class representatives are expected to testify and have provided the following scheduling information:

1. **Wyatt Cooper (Utah)** – Available week 1 of trial.

2. **Sarah Grant (District of Columbia)** – Available week 1 of trial.

3. **David Moskowitz (Oregon)** – Available week 1 of trial.

4. **Abigail Baker (Maine)** – Scheduled to fly in Thursday, August 14, 2025 to testify on Friday, August 15, 2025 and depart later that afternoon. Ms. Baker's ability to travel is restricted because she is a new mother and has childcare responsibilities.

5. **Steele Robbins (Mississippi)** – Available on Friday, August 15, 2025.

6. **Drew Amend (Kansas)** – Available on Thursday, August 14 and Friday, August 15, 2025.

7. **Shawn O'Keefe (North Carolina)** – Available to testify on Friday, August 15, 2025 or Monday August 18, 2025.

8. **Angela Clark (Alabama)** – Available during week 1 or week 2 and will likely testify in place of Allie Stewart/Willingham as the class representative for Alabama.

9. **Ricky Amaro (Illinois)** – Recently was verbally offered a new job as a special education teacher. He anticipates receiving his formal job offer soon. Presuming he is officially hired, his first day of work would be August 11, 2025. As soon as he receives his formal written offer, he plans to immediately accept it and immediately send a letter requesting time off from his new school principal. He remains confident that he will obtain permission to attend trial for one day, targeting Friday, August 15, 2025.

10. **Allie Stewart (Alabama)** – Ms. Stewart is starting a new job at a new school as an elementary school teacher and has indicated that she would not be available during the first two weeks of trial, although she had planned to testify in person the week of July 28, 2025 before the trial was rescheduled.

Plaintiffs' primary reason for calling one class representative for each respective class is to establish antitrust standing, namely that they made one purchase that makes them a class representative. We anticipate that each class representative's direct examination will take approximately fifteen minutes, perhaps twenty with respect to certain class representatives who also represent non-reward credit card classes.

Plaintiffs are coordinating travel logistics with these witnesses to ensure efficient scheduling across the trial calendar and will continue to keep the Court apprised of any developments.

Respectfully submitted,

/s/ *Todd A. Seaver*

Todd A. Seaver

Counsel for Plaintiffs


cc: All Counsel of Record (via ECF)