

August 13, 2025

VIA ECF

Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       Re: *Moskowitz et al. v. American Express Company et al.*, Case No. 1:19-cv-00566 (NGG) (JRC)

Dear Judge Garaufis:

       Plaintiffs submit this letter to address the issue raised today whether Amex can cross-examine class representatives about offsets to damages in the but-for world. The questions Amex wants to ask should not be asked.

       The class representatives are lay witnesses. They can testify to their Qualifying Purchases in the actual world because they experienced them first-hand. Fed. R. Evid. 602. They can testify about their understanding of the class claims asserted in the complaint for which they are Court-appointed class representatives. But whether a class representative was overcharged and the extent of that overcharge and the availability of damages informed by offsets, surcharging, and steering is all beyond a lay witness perception. Fed. R. Evid. 701.

       Damages can be ascertained with reasonable certainty—but only by an expert and not by a lay witness. Courts permit plaintiffs to testify on damages whose calculation requires expert knowledge only if the plaintiff is shown to be an expert and has the requisite scientific, technical or other specialized knowledge under Rule 702 of the Federal Rules of Evidence, and cannot so testify as lay opinion witnesses under Rule 701. *See Mooring Cap. Fund, LLC v. Knight*, 388 F. App'x 814, 824–25 (10th Cir. 2010) (lay witness business owner not qualified to testify about measuring lost profits); *Spectre Corp. v. United States*, 160 Fed. Cl. 486, 502 (2022) (same).

       Class representatives' individual damages are irrelevant. Fed. R. Evid. 402. Their individual damages claims are not being tried in this trial. The claims to be tried in this case are only the "class-wide claims of the certified state-wide classes." January 31, 2025, Joint Pretrial Order (ECF 258) at 3; *see also* February 28, 2025, Plaintiffs' Detailed Statement of Damages (ECF 284) at 1 ("Plaintiffs will seek . . . the following amounts in compensatory damages separately for each designated class of plaintiffs . . .").

       Between two full-length pre-trial depositions and the evidentiary hearing, counsel for Amex spent fifteen hours questioning Dr. Lamb, largely on the topic of the but-for world and speculative "harms" from steering and surcharging. Now they want to ask questions that are suited for an expert to lay witnesses who have no specialized knowledge in economics. The

Honorable Nicholas G. Garaufis
Aug. 13, 2025
Page 2 of 2

predictable result will be to befuddle, harass, and potentially embarrass the class representatives, which in turn will confuse and strain the patience of the jury. Fed. R. Evid. 403. Amex wants to argue their case through fact witnesses who cannot answer the inappropriate questions posed. Fed. R. Evid. 611.

In a previous opinion, the Court ruled that steering is relevant to determining the total pass-through rate. ECF 220 at 24. But it is "speculative for these fact witnesses [11 plaintiff representatives] to talk about and quantify passing on overcharges" and the "jury would have to speculate as to how much to deduct from damages in order to account for this claimed passing on." *In re HIV Antitrust Litig.*, No. 19-CV-02573-EMC, 2023 WL 3011624, at *2 (N.D. Cal. Apr. 18, 2023).

Respectfully submitted,

*/s/ Carl N. Hammarskjold*

Carl N. Hammarskjold

Counsel for Plaintiffs

cc: All Counsel of Record (via ECF)